**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GINA DAVIS,**

      **Plaintiff,**

**vs.**                                                                  **Case No.**

**DQC INTERNATIONAL CORP.,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff GINA DAVIS ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant DQC INTERNATIONAL CORP. ("Defendant") and alleges as follows:

### INTRODUCTION

1.      This is an action brought pursuant to the pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq.* ("FLSA").

2.      During the three years prior to February 21, 2019[1] ("Liability Period"), Defendant had a policy and practice of requiring or permitting Plaintiff to work in excess of forty (40) hours in each workweek without paying Plaintiff time and one half the regular rate as required by the FLSA.

3.      Pursuant to the FLSA, Plaintiff seeks overtime compensation, liquidated damages, post-judgment interest and attorneys' fees and costs from Defendant.

### JURISDICTION AND VENUE

4.      This Court has jurisdiction over these claims as the events giving rise to the claims occurred in Pinellas County, Florida.

---

[1] The parties had previously entered into a tolling agreement effective February 21, 2019.

5.      Venue is proper in the Court because all facts material to all claims set forth herein occurred in Pinellas County, Florida and the Plaintiff seeks over $15,000.00.

## PARTIES

6.      At all times material to this action, Plaintiff was a resident of Pasco County.

7.      At all times material to this action, Defendant is a corporation that sells fishing equipment, which is conducting business in Pinellas County, Florida subject to the requirements of the FLSA.

8.      At all times material to this action, Plaintiff was an employee of Defendant pursuant to the terms of all applicable statutes and Defendant was the employer of Plaintiff pursuant to the terms of all applicable statutes.

## GENERAL ALLEGATIONS

9.      Plaintiff began her employment with Defendant in approximately October 2014 and was initially paid on an hourly basis.

10.     In approximately January 2015, Plaintiff was functioning as an accounting supervisor and Defendant began paying Plaintiff a salary but did not pay overtime for the hours she worked in excess of forty in a workweek.

11.     Beginning in October 2016, Plaintiff became an accounts receivable clerk, did not supervise anyone and did not perform functions that would qualify her as an exempt employee.

12.     In approximately April 2018, Defendant, aware that it had been violating federal law, began paying Plaintiff overtime but did not take any steps to correct the prior violations of the FLSA.

13.     In approximately November 2018, Defendant advised Plaintiff that they would no longer pay overtime wages for hours worked in excess of forty in a workweek.

14.     In approximately November 2018, in response to the Defendant's refusal to pay overtime, Plaintiff advised Defendant that she would not work hours in excess of forty in a workweek.

15.     In approximately November 2018, Plaintiff requested that she be paid the unpaid overtime due for the prior period when she had worked hours in excess of forty in a workweek but had not been paid time and one half her regular rate.

16.     Defendant's response to Plaintiff's request for the unpaid overtime was to terminate her employment because she had requested the unpaid overtime due.

17.     Defendant has more than 10 employees.

18.     Defendant does at least $500,000 a year in business.

19.     Defendant is engaged in interstate commerce or in the production of goods for commerce.

20.     Plaintiff did not satisfy the requirements for any of the exemptions set forth in the FLSA.

21.     As set forth above, Plaintiff regularly worked in excess of forty (40) hours in a workweek while employed by Defendant.

22.     Despite working in excess of forty (40) hours in a workweek, Plaintiff did not receive overtime payments at a rate not less than one and one-half (1 and 1/2) times her regular rate for such overtime hours.

23.     All administrative notice requirements and prerequisites have been satisfied.

24.     Plaintiff has retained the services of the undersigned attorneys and is obligated to pay the undersigned a reasonable fee for their services.

25.     Plaintiff demands a trial by jury on all claims alleged herein.

## COUNT I
## VIOLATIONS OF THE OVERTIME
## REQUIREMENTS OF THE FLSA AS TO PLAINTIFF

26.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 25 as if fully stated herein.

27.     Defendant's failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. §207.

28.     Defendant's violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff prays that this Court award the following relief:

a)      a judgment that Defendant violated 29 U.S.C. §207of the Fair Labor Standards Act;

b)      damages for the amount of unpaid overtime compensation owed to Plaintiff;

c)      liquidated damages, pursuant to 29 U.S.C. §216(b), in an amount equal to the overtime compensation owed to Plaintiff;

d)      post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b); and

e)      any other additional relief as the Court deems just and proper.

## COUNT II
## FLSA RETALIATION

29.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 25 as if fully stated herein.

30.     By complaining about not being paid the minimum wage for all hours worked, Plaintiff exercised her right protected by the FLSA.

4

31.     Plaintiff was discharged in retaliation for exercising her right in violation of 29 U.S.C. §215(a).

32. Defendant's violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff prays that this Court award the following relief:

a)      a judgment that Defendant violated 29 U.S.C. §215 of the Fair Labor Standards Act;

b)      damages for the amount of backpay owed to Plaintiff;

c)      compensatory damages

d)      reinstatement and/or front pay;

e)      liquidated damages, pursuant to 29 U.S.C. §216(b)

f)      post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b); and

g)      any other additional relief as the Court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff requests trial by jury on all issues so triable.

Respectfully submitted,

_____
**Ryan D. Barack**
Florida Bar No. 0148430
rbarack@employeerights.com
Jackie@employeerights.com
**Michelle Erin Nadeau**
Florida Bar No. 0060396
mnadeau@employeerights.com
Jackie@employeerights.com
**Kwall Barack Nadeau PLLC**
304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiff